UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

ELBERT OLIVER,            Case No. 14-01532

    *Debtor.*

_____

ELBERT OLIVER,

    *Plaintiff,*            Adv. Proc.: 14-00075

Vs.

QUANTUM3 GROUP, LLC ET AL,

    *Defendants.*

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Defendant's Amended Motion to Dismiss Complaint or In the Alternative Motion for Summary Judgment. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. These motions are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is DENYING the Defendant's motion.

## FACTS

The Plaintiff filed a chapter 13 bankruptcy petition on May 13, 2014. On or about July 8, 2014, the Defendant Quantum3 Group, LLC ("Quantum3") filed claim #5—a proof of claim for an unsecured debt in the amount of $232.78. The claim was for an outstanding debt on a Belk

1

credit card account. The last transaction on the account occurred July 09, 2010. The Plaintiff did not list the alleged debt in his petition. At oral argument his attorney represented that to the best of her knowledge and belief the debtor had not incurred the debt or he had no memory of having done so.

The Plaintiff argues that the credit card debt at issue, if valid, must be a debt on an "open account." Under Alabama law the statute of limitations for bringing an action on an open account is three years. The parties stipulated at the hearing that the three year period would have run on or around July 9, 2013. If the underlying obligation is an "open account," then Quantum3's proof of claim was filed after the statute of limitations ran and is stale.

Quantum3 contends that the alleged debt is an "account stated," not an "open account." Under Alabama law the statute of limitations for bringing an action on an account stated is six years. If the underlying obligation is an account stated, then Quantum3's claim #5 was filed within the limitations period and is not stale.

## LAW

A. Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 8(a), incorporated to apply in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7008, provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The asserted claim must state facts demonstrating the facial plausibility of a cause of action such that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all factual allegations set forth in the complaint are true. *See, e.g. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002). Because all factual allegations are taken as true, the failure to state a claim for relief presents a purely legal question. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1269 n.19 (11th Cir. 2009).

Following *Twombly* and *Iqbal*, "detailed factual allegations are not required" but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Smith v. CH2M Hill, Inc.,* 521 Fed. Appx. 773, 774 (11th Cir. 2013) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In summary, the well-pleaded facts must allow the court to infer more than the mere possibility of misconduct.

After *Iqbal*, the heightened pleading standard has been applied in the context of bankruptcy adversary proceedings. *See Angell v. BER Care, Inc.* (*In re Caremerica Inc.*), 409 B.R. 737 (Bankr. E.D.N.C. 2009). In *Angell*, the bankruptcy judge engaged in a detailed

3

analysis of *Twombly* and *Iqbal*, and its application in the context of an adversary proceeding. Adopting the two-prong test laid out in *Twombly*, the court stated:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

With this case law in mind, the issue presented here is this: If Oliver's statements in his complaint are taken as true, do they state claims that are plausible on their face? The Court answers this question in the affirmative.

The Eleventh Circuit has found that the filing of a stale proof of claim in a bankruptcy proceeding violates the Fair Debt Collection Practices Act (FDCPA). *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014). Further, the Eleventh Circuit held that it would sustain an objection to a stale claim and disallow such a claim, and that the filing of a stale claim could violate the automatic stay. The common thread in each of the Plaintiff's three counts is that the Defendant filed a claim after the applicable statute of limitations had expired. The parties agree on the date that the Defendant filed its claim, but they disagree as to the applicable statute of limitations. The issue of which statute of limitations should be applied to the Defendant's claim is a mixed question of law and fact. On a motion to dismiss, the Court is not obliged to accept a conclusory legal statement as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1.

Under Alabama law, can credit card debt be the basis for a cause of action under a common law account stated or open account theory?

The complaint alleges that the Defendant's claim #5 is based on a common law open account cause of action. Under Alabama law, the statute of limitations for an open account cause of action is three years. CODE OF ALA. § 6-2-37 (1975). The Defendant argues that claim #5 is based on an account stated cause of action. Under Alabama law, the statute of limitations for an account stated claim is six years. CODE OF ALA. § 6-2-34 (1975). The Plaintiff contends that claim #5 cannot be based on an account stated theory. The movant points out that the last transaction date on the account was July 09, 2010 and that the statute of limitations accrued on that date. If the six year limitations period applies, then claim #5 was not stale when filed. If the three year limitations period applies, then the claim was stale.

Black's Law Dictionary defines "open account" as "An account that is left open for ongoing debit and credit entries and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." Under Alabama law, "[a] plaintiff establishes a prima facie case in an action for money due on open account by presenting evidence that money was delivered to the defendant, that it was a loan, and that it has not been repaid." *Ayers v. Cavalry SVP I, LLC*, 876 So.2d 474 (Ala. Civ. App. 2003). Further, some term of the contract must be left open. *Northern Alabama Ry. Co. v. Wilson Mercantile Co.,* 63 So. 34 (Ala. Civ. App. 1913) ("An open account is one in which some term of the contract is not settled, and remains open for adjustment, whether the account consists of one item or many. 'For example, if a number of articles be sold and delivered at the same time, and the price, amount, and time of payment agreed on, this would not be an open account, because all the terms of the contract are agreed on and settled. On the other hand, if a single article be sold and delivered, and the price or time of payment be left in uncertainty—this is an open account, because there is a term of the contract to be ascertained—the account is therefore unliquidated; it is open.'" In

5

credit card arrangements at least one term of the contract is open: the amount of credit a borrower will actually use. The timing of future transactions is also unascertained. Based on the plain meaning of "open account," credit card arrangements appear to be open accounts. The Court finds support for this conclusion in the Defendant's proof of claim. Rule 3001(c)(3), titled "Claim Based on an Open-End or Revolving Consumer Credit Agreement," requires that creditors filing claims based on such credit agreements provide certain information in their proof of claim. Quantum3 elected to file its claim in this case as a Rule 3001(c)(3) claim. This admission may be strong proof on the issue, but the Court will hear further argument on this point.

Black's Law Dictionary defines "Account stated" as "A balance that parties to a transaction or settlement agree on, either expressly or by implication." Under Alabama law

> An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. It is as if a promissory note had been given for the amount due.
> A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. The debtor's admission of correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account.

*University of South Alabama v. Bracy*, 466 So.2d 148 (Ala. Civ. App. 1985). Based on the elements of an account stated claim, it appears that a credit card transaction could be the basis of an account stated claim.[1] However, under the facts of this case, whether the debt at issue

---

[1] Applying a common law account stated theory to credit card debt is a new trend. Alabama cases apply the account stated theory primarily in buyer-seller transactions. *But see Ayers v. Cavalry SVP I, LLC,* 876 So. 2d 474 (Ala. Civ. App. 2003) (upholding the lower court's refusal to grant the defendant's 12(b)(6) motion because the defendant

6

could support an account stated claim is unclear. Specifically, the Court must consider any evidence that an account was balanced and rendered to the Plaintiff in deciding whether claim #5 may have been a stated account.

Further, the Defendant must have standing to allege the account stated theory. The Debtor disputes that he owes the alleged debt. *Contrast with In re Gorman*, 495 B.R. 823 (Bankr. E.D. Tenn. 2013) (finding that standing was not an issue because the Debtor did not dispute the validity of the alleged debt). At oral argument Plaintiff's counsel represented that to the best of the Plaintiff's knowledge, information, and belief, the debtor has no recollection of ever incurring the disputed debt. Implicit in this dispute as to the validity of the underlying debt is a dispute regarding whether the Defendant is a proper assignee of the alleged debt. To bring an account stated claim in good faith the Defendant would have to have evidence of the underlying credit card agreement, a rendering of the closed and stated account to the debtor, and the assignment of the account to Quantum3. Because the Court must consider this evidence in order to finally decide the statute of limitations issue, the Court cannot dispose of the complaint on a motion to dismiss. Until the statute of limitations issue is resolved, the Defendant's motion to dismiss the FDCPA claim and the stay violation claim is due to be DENIED. Further, the Court cannot rule on the Plaintiff's claim objection until this issue is resolved, so the Defendant's motion to dismiss or overrule the claim objection is also DENIED.

---

failed to raise the 12(b)(6) defense in her first responsive pleading.). However, some federal courts have recently accepted the theory for debts based on credit card transactions. *See In re Pritchett,* 2006 WL 3103161 (Bankr. N.D. Ala. 2006) (finding that the account was rendered to the debtor because the debtor admitted having received account statements); *In re Bunch,* 2014 WL 6661540 (Bankr. N.D. Ala. 2014) (finding that the debtor's failure to dispute the existence of the account with the original creditor, her default, or the validity of the assignment precluded her from arguing that the debt buyer did not have a valid account stated claim). Despite this case law, the Court is not convinced that the account stated theory is a proper one for dealing with accounts based on typical credit card transactions and the mailing of credit card statements. Account stated may only be a proper cause of action where a party alleges that "both parties intended the transaction to become a full and final settlement of the entire indebtedness represented by the account stated." 1 AM. JUR. 2D *Accounts and Accounting* § 51 (2014). A typical credit card statement is mailed while the account is still open and credit card users can continue making transactions on the account after the statement has been printed and mailed. Therefore, a typical credit card statement is not a "full and final" settlement of the account. It is, at most, a "full and final" settlement of past billings.

2.

Does the Code preempt the FDCPA?

Because the Court cannot, at this time, find that claim #5 was stale when filed, it does not need to reach the issue of whether the Code preempts the FDCPA.

B. Defendant's Motion for Summary Judgment

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502, 91 L.Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). Proof must be by a preponderance of the evidence. *See, e.g*, *In re McKinnon*, 378 B.R. 405, 411 (Bankr. S.D. Ga. 2007) (stating that "the default standard of proof in a bankruptcy case" is preponderance of the evidence).

1.

Objection to Claim

In his complaint, the Plaintiff avers that the debt asserted in claim #5 is not a valid debt. At the hearing on this motion, Plaintiff's counsel represented that the Plaintiff did not schedule

the debt in his petition because he has no recollection of incurring the alleged debt. The Defendant contends that the Plaintiff did incur the alleged debt, but does not offer proof sufficient to establish the debt. In its amended motion, the Defendant attached (1) its proof of claim; (2) a 3001(c)(3)(A) statement of account information; (3) a February 10, 2009 Belk credit statement; (4) a July 9, 2010 Belk account summary and payment information statement; (5) several pages of fine print; and (6) an affidavit by an "Affidavit Documentation Specialist of Synchrony Bank." The Defendant argues that this evidence establishes that claim #5 is owed based on an account stated theory. The evidence is insufficient to establish the debt for the following reasons:

(1) The February 10, 2009 Belk credit statement says that the "new balance" owed on the account is $0.00. It lists $0.00 as the minimum payment due on March 07, 2009. Not only does the statement tend to show that the Debtor did not owe anything on the account, there is no evidence that the statement was ever rendered or mailed to the debtor. The statement is addressed to Ray E. Oliver at the address Mr. Oliver listed on his bankruptcy petition. However, there is no affidavit attesting to the fact that that the statement was actually mailed to Mr. Oliver.

(2) The July 9, 2010 Belk credit statement, again lists the "new balance" of the account as $0.00. While it lists $80.00 as the minimum payment due, it lists "0.00" as the past due amount. Again, there is no evidence that this statement was ever mailed to the debtor. Even if it had been mailed, the Court is hardly convinced that it could establish an account stated between the parties at an amount greater than $0.00.

(3) The Affidavit of Sale sworn by Siyu Cao fails to prove that the Plaintiff's account was sold or assigned to Moma Funding, LLC. While the affiant says that he "has access to the creditor's books and records" and "is aware of the process of sale and assignment of

9

electronically stored business records," this averment hardly meets the standard of admissibility for business records. Specifically, it is not an averment that the affiant actually looked at the books and records himself. Further, the affidavit gives no information regarding Quantum3's capacity to bring a suit on behalf of Moma Funding, LLC. Finally, while the affidavit states that "a pool of charge-off accounts" was sold to Moma Funding, LLC, it says nothing about Mr. Oliver's specific account. Therefore, the affidavit is not evidence that Mr. Oliver's account was sold to Moma Funding, LLC.

Whether or not the alleged debt was incurred by the Plaintiff is a material fact relevant to these proceedings. Because a genuine dispute exists over whether the alleged debt is valid, the Court is denying the Defendant's motion for summary judgment as to this count of the complaint. At this time, the Court is unable to sustain or overrule the Plaintiff's objection to claim #5.

2.

Violation of the Automatic Stay

At the hearing on this matter, the parties stipulated that claim #5 was filed in conformity with rule 3001 and that the only issue was that of staleness. For the reasons set forth above, the Court is DENYING the Defendant's motion to dismiss this count. The Court must determine whether or not the Defendant sought to collect a stale debt before it determines whether or not such an act is a violation of the stay.

3.

Violation of the Fair Debt Collection Practices Act

The Eleventh Circuit has found that the filing of a stale proof of claim in a bankruptcy proceeding violates the Fair Debt Collection Practices Act (FDCPA). *Crawford v. LVNV*

*Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014). However, in footnote 7 of its opinion, the 11th Circuit specifically noted that it was not deciding the issue of whether the Code "'preempts the FDCPA when creditors misbehave in bankruptcy." *Id.* at 1262. Here, the Defendant has raised that issue. However, the Court need not reach the issue before establishing whether or not the Defendant filed a stale claim in the first place.

As discussed above, the parties disagree about which statute of limitations applies to the debt alleged in claim #5. Proofs of claim are filed using Official Form B10. Official Form B10 "Instructions for Proof of Claim Form" part 8, which refers signatories to FRBP 9011(b), requires that a creditor have evidentiary support for its claim. In filing claim #5 based on an account stated theory of recovery, the Defendant represented to the Court that it had evidence that an account was stated and rendered to the Plaintiff. The Court expects that the Defendant will produce competent evidence to support its claim #5 as required by the Rules.

If the Defendant cannot produce such evidence, other relief may be in order. *See In re Brannan*, 2011 WL 5331601 (Bankr. S.D. Ala. 2011) (finding that the Court's inherent power to sanction for abuse of process may be an appropriate remedy where a creditor abused the bankruptcy process).

For the reasons stated above, the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment is DENIED.

Dated:   December 22, 2014

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE